UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES PAUL JONES | ) | CASE NO. 15-07000-JJG-7A |
| ROBIN LYNNE JONES | ) | |
| | ) | |
| DEBTORS. | ) | |

**TRUSTEE'S MOTION TO SELL
DEBTORS' INTEREST IN CONDOMINIUM AT PRIVATE SALE FREE
AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS AND INTERESTS**

Randall L. Woodruff, the chapter 7 trustee in this case (the "Trustee"), by counsel, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure, requests entry of an order authorizing the sale of the Debtors' interest in a condominium located in Puerto Vallarta, Jalisco, Mexico, free and clear of all liens, encumbrances, claims and interests, to John A. Palumbo ("Purchaser"), pursuant to an *Asset Purchase Agreement* dated January 19, 2018 (the "Purchase Agreement"), on the following grounds:

**I. JURISIDICTION**

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.  BACKGROUND

4.      On August 8, 2015 (the "Petition Date"),  Charles Paul Jones and Robin Lynne Jones ("Debtors") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division.

5.      The Trustee is the duly appointed Chapter 7 trustee of the Debtors' estate.

## III.  THE ASSET

6.      Pursuant to section 541(a) of the Bankruptcy Code, the Debtors' bankruptcy estates include all legal and equitable interests of the Debtors in property as of the commencement of the Debtors' bankruptcy cases.

7.      On the Petition Date, the Debtors held a certain beneficial interest in a trust owning condominium unit #501 located at a building known as "Portamar" on road Francia Numero 481, Fraccionamiento Fluvial Vallarta in Puerto Vallarta, Jalisco, Mexico ("Unit #501), including furniture, fixtures, and appliances currently in Unit #501 (collectively with Unit #501, the "Asset"). Unit #501 consists of two bedrooms, two bathrooms, den, living room, dining room, kitchen, laundry area, and terrace.  Upon information and belief, Unit 51 is located several miles from the nearest beach.

8.      The Trustee originally attempted to market the Asset for sale with the assistance of a California realtor. Those efforts were not fruitful, though, as the Trustee received no offers to purchase the Asset.

9.      The Purchaser, at his own expense, has traveled to Puerto Vallarta, Jalisco, Mexico to inspect Unit #501. The Purchaser found Unit #501 to be in squalor, in need of

extensive repairs, and not currently suitable for habitation. Furthermore, he discovered a man living in Unit #501 who refuses to leave.

10. The Purchaser incurred $6,300.00 in expenses related to conducting his due diligence.

### IV.  THE PURCHASE AGREEMENT

11. On January 19, 2018, as a result of the efforts of the Purchaser, the Trustee entered into the Purchase Agreement for the sale of the Asset for the total purchase price of $50,000.00 USD.  A copy of the Purchase Agreement is attached and incorporated as Exhibit 1.

12. The Asset is to be sold "AS IS, WHERE IS, AND WITH ALL FAULTS," without recourse, representation, warranty or guarantee of any kind, whether express or implied, and the Trustee is disclaiming all warranties of merchantability or fitness for a particular purpose.  There are no other material contingencies for the sale of the Asset.

13. The Trustee shall bear the costs of selling the Asset, including title fees or other expenses normally attributable to selling this type of asset, as well as apostille costs, delinquent property taxes, plus any other taxes that may be imposed by the Mexican government, delinquent association fees, and closing costs. Otherwise, all parties shall pay their own separate legal fees. The estate is expected to net approximately $40,000.00 from the proposed sale.

14. There is no other known relationship between the Purchaser and its insiders and the Debtors and their insiders or the Trustee, and there will be no further relationship or connection with the Trustee or the Debtors after the consummation of the sale, assuming it is approved.

15. As such, (a) the Purchaser is not an insider of one or more of the Debtors; (b) the proposed sale represents an arms-length transaction between the parties, made without fraud or

3

collusion with any other person (including any other prospective purchaser for the Asset); and (c) there has been no attempt to take any unfair advantage of the Trustee. Accordingly, the Purchaser shall be deemed to be purchasing the Asset in good faith pursuant to section 363(m) of the Bankruptcy Code.

16. In addition, the Asset to be sold to the Purchaser does not contain any personally identifiable information.

17. There is no relationship between the Trustee and the purchaser.

## V. RELIEF REQUESTED

18. The Trustee requests entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, as follows:

   (a) Authorizing the Trustee, on behalf of the Debtors' bankruptcy estate, to sell the Asset to the Purchaser for the total purchase price of $50,000.00 USD;

   (b) Directing the sale of the Asset free and clear of all liens, encumbrances, claims and interests;

   (c) Directing the Asset to be sold "AS IS, WHERE IS, AND WITH ALL FAULTS," without recourse, representation, warranty or guarantee of any kind, whether express or implied, and authorizing the Trustee to disclaim all warranties of merchantability or fitness for a particular purpose;

   (d) Authorizing the Trustee to execute any documentation necessary to effectuate the sale of the Asset to the Purchaser, including the Purchase Agreement;

   (e) Finding that the Purchaser is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code because (i) the Purchaser is not an insider of one or more of the Debtors, (ii) the proposed sale represents an arms-length transaction between the parties, made without fraud or collusion with any other person (including any other prospective purchaser for the Asset), and (iii) there has been no attempt to take any unfair advantage of the Trustee; and

   (f) Authorizing the Trustee to retain the net sale proceeds for general administration by the Debtors' bankruptcy estate.

## VI. GROUNDS FOR GRANTING RELIEF

19.     Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property pursuant to section 363(b) or (c) of the Bankruptcy Code, "free and clear of any interest in such property of an entity other than the estate" if any of the following conditions are satisfied:  (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

20.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(2).  Although section 363 of the Bankruptcy Code does not provide an express standard for determining whether a court should approve any particular proposed use, sale, or lease of estate property, case law consistently applies an "articulated business judgment" standard.  *See In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (citing *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986), *In re Naron & Wagner, Charted*, 88 B.R. 85, 88 (Bankr. D. Md. 1988)); *see also Colfin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC)*, 2016 WL 1029387, at *12 (Bankr. N.D. Ill. Mar. 14, 2016) ("The Seventh Circuit has clarified that a trustee's justification warrants judicial approval if it 'makes good business sense' (i.e., if 'the creditors as a whole . . . benefit').") (citing *United Retired Pilots Ben. Prot. Ass'n v. United Airlines, Inc. (In re Ual Corp.)*, 43 F.3d 565, 571-72 (7th Cir. 2006)).

21.     In addition, under section 363 of the Bankruptcy Code, a court should not substitute its business judgment for that of the trustee.  *See e.g.*, *Stephens Indus., Inc. v. McClung*

5

*(In re McClung)*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Highway Equip. Co.*, 61 B.R. 58, 60 (Bankr. S.D. Ohio 1986).  Rather, the court is required to ascertain whether the trustee has articulated a valid business justification for the proposed transaction.  *See, e.g.*, *Lewis v. Anderson*, 615 F.2d 778, 781 (9th Cir. 1979); *In re Schipper*, 109 B.R. 832, 836 (Bankr. N.D. Ill. 1989); *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982) (recognizing congressional intent to limit Court involvement in business decisions by a trustee).

22. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach.  *See In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984).  The key consideration is the Court's finding that a good business reason exists for the sale.  *See McClung*, 789 B.R. at 389.  However, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate.  *See e.g.*, *In re Good Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re The Ohio Corrugating Co.*, 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); *In re Atlanta Packaging Prod., Inc.*, 999 B.R. 124, 131 (Bankr. N.D. Ga. 1988) ("It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the [trustee's] duty with respect to such sales it to obtain the highest price or greatest overall benefit possible for the estate."); *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 769 (7th Cir. 2013) ("Once a firm is in Chapter 7 bankruptcy . . . it is 'owned' by the trustee . . . whose sole concern is with maximizing the net value of the debtor's estate to creditors . . . .").

23. Pursuant to Bankruptcy Rule 6004, "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bankr. P. 6004(f)(1).  A large measure of discretion is accorded a bankruptcy court in deciding whether a private sale of a

6

debtor's assets should be approved. *See In re Nicole Energy Servs.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio 2008); *see also In re Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) (citing *In re Blue Coal Corp.*, 168 B.R. 553, 564 (Bankr. M.D. Pa. 1994)). Furthermore, evidence that a transaction involving estate property under section 363 of the Bankruptcy Code will be at fair market value permits the conclusion that the transaction is in the best interest of the estate. *See In re Planned Sys., Inc.*, 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988) (finding sufficient evidence of fair market value and adequate exposure where property was listed with a broker since the prior year).

### The Proposed Sale Satisfies the Bankruptcy Code Requirements

24.     The Trustee submits that the proposed sale of the Asset to the Purchaser will accomplish a "sound business purpose" and will maximize the value of the Asset in the most expeditious manner possible.

25.     The Trustee believes, based on the Purchaser's report of the dire condition of Unit #501, that the purchase price of $50,000.00 USD reflects the fair market value of the Asset, and it therefore maximizes recovery.

26.     Further, this motion contains the required disclosures as provided in Local Rule B-6004-2(b).

27.     Moreover, Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the sale, use or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court order otherwise." Fed. R. Bankr. P. 6004(h). The Trustee requests the Court order that such an order be effective immediately upon entry in order to allow the Trustee to timely and expeditiously consummate the proposed sale.

NOTICE: **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order affecting the property, or if you want the court to consider your views on the motion, then on or before February 15, 2018, you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

**<u>Indianapolis</u>**
116 United States Courthouse
46 East Ohio Street
Indianapolis, IN 46204

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:
James T. Young
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Ste. 1400
Indianapolis, IN 46204
james@rubin-levn.net

If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting the property.

**WHEREFORE**, the Trustee respectfully requests entry of an order granting the relief requested herein and granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Trustee

By: */s/ James T. Young*_____
James T. Young, Atty. No. 13834-71
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Ave., Suite 1400
Indianapolis, IN 46204
317/634-0300; FAX 317/453-8613
james@rubin-levin.net

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 25, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| Randall L. Woodruff | rlwtrustee@comcast.net |
| James D. Gillespie | jamgilcw@yahoo.com |

 I further certify that on January 25, 2018, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

 See attached matrix.

            /s/James T. Young
            James T. Young

JTY/MTB/llk
G:\WP80\TRUSTEE\Woodruff\Jones, Charles & Robin - 86142001\Motion for Private Sale.docx